# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARI LEININGER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>L'OREAL USA S/D, INC. a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 21cv118 JM(LL)<br><br>**ORDER ON UNOPPOSED MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT** |

On December 16, 2020, Plaintiff Mari Leininger filed a products liability suit in the Superior Court for the State of California for the County of San Diego asserting claims for strict liability-manufacturing defect, strict liability-failure to warn, and negligence. (Doc. No. 1-2.) On January 21, 2021, Defendant L'Oréal USA S/D, Inc. removed the action to this court on diversity grounds, pursuant to 8 U.S.C. §§ 1332 and 1441. (Doc. No. 1.)

On May 4, 2021, Plaintiff filed an Unopposed Motion for Leave to File a First Amended Complaint. (Doc. No. 13.) The amended complaint seeks to add one cause of action for strict liability (design defect) and to "reflect [Plaintiff's] current allegations in this matter, based on her ongoing investigation, research, and discovery related to the underlying cause of her life-threatening injuries." (*Id*. at 3.) Plaintiff does not seek to add parties, nor to substantially alter the nature and scope of her overall allegations. (*Id*.)

1

Plaintiff titled the motion as "unopposed," the deadline for Defendant to file an opposition has passed, and no response has been filed. Thus, the court perceives no prejudice to Defendant in allowing an amendment in which Defendant itself acquiesces.[1] Moreover, Rule 15(a)(2) advises that trial courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15 (a)(2). *See, e.g., Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted) ("This policy is to be applied with extreme liberality.") Further, the court does not perceive Plaintiff to be seeking amendment in bad faith and sees no reason to expect that the amendment will unduly delay the litigation. *See AmerisourceBergen Corp. v. Dialysist W., Inc.,* 465 F.3d 946, 951 (9th Cir. 2006 ("[A] district court need not grant leave to amend where the amendment (1) prejudices the other party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile."). In addition, the motion for leave to file an amended complaint has been filed before the deadline set forth in the scheduling order. *See* Doc. No. 10 at ¶ 2 (the scheduling order provides that motions to amend pleadings must be filed by May 4, 2021).

Accordingly, the court **GRANTS** Plaintiff's unopposed motion (Doc. No. 13) for leave to file a first amended complaint. It shall be Plaintiff's responsibility to file the First Amended Complaint with the court by June 4, 2021. Defendant shall respond to

///
///
///
///

---

[1] Within the motion, Plaintiff proffers that based on discussion with counsel, "Defendant has agreed that it will not oppose Plaintiff's Motion for Leave to File a First Amended Complaint," and has attached an email chain confirming this assertion. (*See* Doc. No. 13 at 3*; see also* Doc. No. 13-2 at 3.)

Plaintiff's amended complaint within the limits established by the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: June 1, 2021

_____
Hon. Jeffrey T. Miller
United States District Judge